# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>    Plaintiff,<br><br>    v.<br><br>G. KELLEY, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01090-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND AS UNNECESSARY<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(ECF Nos. 9 & 11.) |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed this civil rights action on July 1, 2011. On May 16, 2013, Plaintiff filed a motion seeking leave to amend his complaint and a motion for the appointment of counsel. (ECF Nos. 9 & 11.)

**1.   Motion to Amend Complaint**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, Plaintiff does not need leave of the Court to file a first amended complaint because no responsive pleading have been filed yet.

1

### 2. Motion for Appointment of Counsel

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances exist at this time. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Accordingly,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file an amended complaint is hereby DENIED as unnecessary; and

2. Plaintiff's motion for the appointment of counsel is hereby DENIED.

IT IS SO ORDERED.

Dated:   **May 23, 2013**

UNITED STATES MAGISTRATE JUDGE