# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>    Plaintiff,<br><br>  v.<br><br>G. KELLEY, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01090-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR COURT ORDER AND RECONSIDERATION OF REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 14, 15) |

**I.**

**INTRODUCTION**

Plaintiff Jamisi Jermaine Calloway ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed this civil rights action on July 1, 2011. On August 23, 2013, an order issued requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed on the claims found to be cognizable in the order. (ECF No. 13.) On September 5, 2013, Plaintiff filed a motion for copying services and reconsideration of appointment of counsel and a notice that he wished to proceed on the claims found to be cognizable and a second motion requesting reconsideration of appointment of counsel. (ECF Nos. 14, 15.)

Based upon Plaintiff's notice that he does not wish to amend his complaint, but wants to proceed on the claims found to be cognizable, this action shall proceed on the first amended

complaint, filed May 16, 2013, against Defendants Kelley, Talisman, Wang, Fritz, Schomer, Mazuk, Trinh, Bostanjian, and Syed for retaliation in violation of the First Amendment. All other claims and Defendants shall be dismissed from this action.

## II.

## REQUEST FOR COPYING

Plaintiff requests copying services to file and serve his documents. The Court construes this as a motion for a court order requiring the prison to provide copy services for Plaintiff. A court order is a form of preliminary injunction. The federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

In this instance, the case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to his claim that medical personnel retaliated against him by forcibly medicating him in violation of the First Amendment. 18 U.S.C. § 3626(a)(1)(A); Summers, 129 S. Ct. at 1148-49; Steel Co., 523 U.S. at 102-04, 107. Because the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which to award Plaintiff injunctive relief. Steel Co., 523 U.S. at 102-103.

Further, prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970). While inmates do have a constitutional right to access to the courts it does not include unlimited access to the law library and photocopies. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1989) overruled on other grounds by Lewis v. Casey, 581 U.S. 343, 350-55 (1996). Should Plaintiff be unable to make copies which prevents him from serving the complaint, he may request an extension of time by

filing a motion prior to the date that service of process is due.

To the extent that Plaintiff is requesting that the Court provide copies, the Clerk's Office does not provide free copies of documents to parties. If Plaintiff needs copies, copies up to 20 pages may be made by the Clerk's Office at a charge of $.50 per page. Plaintiff's motion for copies is denied.

### III.

### MOTION FOR RECONSIDERATION

Plaintiff seeks reconsideration of the order denying his motion for appointment of counsel. Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id.

Additionally, Local Rule 230(j) requires the Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

In this instance, Plaintiff does not present newly discovered evidence, clear error, or an intervening change in the law. As Plaintiff recognizes in his motion, the district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814,

1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this Court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the Court does not find the required exceptional circumstances. <u>See Rand</u>, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Additionally, the Court has reviewed Plaintiff's complaint and other filings and finds that he is able to adequately articulate his claims. Therefore, Plaintiff's request for reconsideration of the order denying the appointment of counsel shall be denied.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. This action shall proceed on the first amended complaint, filed May 16, 2013, against Defendants Kelley, Talisman, Wang, Fritz, Schomer, Mazuk, Trinh, Bostanjian, and Syed for retaliation in violation of the First Amendment.
2. Defendant Falvin is DISMISSED from this action for Plaintiff's failure to state a claim against him under section 1983;
3. Plaintiff deliberate indifference claim is dismissed from this action for Plaintiff's failure to state a claim;
4. Plaintiff's motion for copying, filed September 5, 2013 is DENIED; and/

//
//

4

5. Plaintiff's motion for reconsideration of the order denying appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **September 6, 2013**

UNITED STATES MAGISTRATE JUDGE