# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>    Plaintiff,<br><br>    v.<br><br>G. KELLEY, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01090-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 18) |

Plaintiff Jamisi Jermaine Calloway ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed this civil rights action on July 1, 2011. On August 23, 2013, an order issued requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed on the claims found to be cognizable in the order. (ECF No. 13.) On September 5, 2013, Plaintiff filed a motion for copying services and reconsideration of appointment of counsel and a notice that he wished to proceed on the claims found to be cognizable and a second motion requesting reconsideration of appointment of counsel. (ECF Nos. 14, 15.) On September 6, 2013, the Court issued an order denying Plaintiff's motion. (ECF No. 16.) On September 13, 2013, Plaintiff filed a motion for reconsideration. (ECF No. 18.)

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1)

mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

Plaintiff does not present newly discovered evidence, clear error, or an intervening change in the law. Plaintiff's motion merely reiterates the same argument made in his initial motion and does not meet the standards for granting reconsideration. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **September 16, 2013**

UNITED STATES MAGISTRATE JUDGE