**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>        Plaintiff,<br><br>    v.<br><br>G. KELLEY, et al.,<br><br>        Defendants. | Case No.: 1:11-cv-01090-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE DISCOVERY ORDERS AS PREMATURE<br><br>[ECF No. 51] |

      Plaintiff Jamisi Jermaine Calloway is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      Now pending before the Court is Plaintiff's motion seeking to set aside the discovery order as premature, filed March 7, 2014.

      This action is proceeding on Plaintiff's first amended complaint filed May 16, 2013, against Defendants M. Bostanjian, Melissa Fritz, G. Kelley, Peter Mazuk, V. Schomer, Syed, Marc Talisman, C. Trinh, and Jeffrey Wang for retaliation in violation of the First Amendment.

      On February 20, 2014, Defendants G. Kelley and Jeffrey Wang filed an answer to the first amended complaint. (ECF No. 34.)

///

///

///

1

1       On February 24, 2014, the Court issued a discovery and scheduling order. (ECF No. 37.)

2       On February 25, 2014, Defendants M. Bostanjian and Syed filed an answer to the first

3  amended complaint. (ECF No. 39.) On February 26, 2014, the Court issued an order extending the

4  discovery and scheduling order of February 24, 2014, to these Defendants. (ECF No. 41.)

5       On February 27, 2014, Defendants Peter Mazuk and V. Schomer filed an answer to the first

6  amended complaint. (ECF No. 45.) On March 5, 2014, the Court issued an order extending the

7  discovery and scheduling order of February 24, 2014, to these Defendants. (ECF No. 49.)

**I.     Motion to Set Aside Discovery Order**

Plaintiff seeks to set aside the discovery order as premature because he is not capable of prosecuting this action and he wishes to amend the complaint to add an Eighth Amendment claim of deliberate indifference. Plaintiff contends it is premature to begin discovery in this case when all the defendants have not yet made an appearance in this action. Plaintiff further contends he "will get confused going back and forth with the same medical issues and claims arriving from the same incidents."

As Plaintiff was advised in the Court's July 1, 2011, "[a]fter an answer is filed, the court will issue an order opening discovery and setting the deadlines for completing discovery, amending the pleadings, and filing pre-trial dispositive motions." (ECF No. 3, at 4:21-23.) Because at least one of defendants has filed an answer in this action, the discovery phase of the action was initiated. It is immaterial that not all of the defendants have been served and filed an answer to the complaint, as the Court will extend and/or re-set the applicable deadlines as certain defendants file an appearance in the action.

Furthermore, Plaintiff's claim that he seeks to set aside the discovery phase of the action because he intends to amend the complaint to proceed on a claim of deliberate indifference to his serious medical need, any such claim was dismissed from the action, at Plaintiff's request. (ECF No. 13.)

In the Court's August 23, 2013, order, Plaintiff was advised that he failed to state a cognizable claim for deliberate indifference to a serious medical need against any of the named defendants, and

///

Plaintiff was given the option of proceeding on the retaliation claim only or filing a second amended complaint. (ECF No. 13.)

On September 5, 2013, Plaintiff notified the Court of his intent to proceed on the retaliation claim only. (ECF No. 15.) Thereafter, Plaintiff completed and returned the service or process documents, and the United States Marshal was directed to serve the defendants on December 13, 2013. (ECF No. 31.) Accordingly, this action is proceeding on a claim of retaliation only, and there is no basis to stay discovery pending a claim of deliberate indifference to a serious medical need.

## II.     Motion for Appointment of Counsel

Plaintiff contends it would be unfair and biased to proceed with this action without the benefit of pro bono counsel to assist him with the litigation.

As Plaintiff was previously advised in the Court's May 23, 2013, order denying his request for appointment of counsel, Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.

As with Plaintiff's prior motion, the Court does not find the required exceptional circumstances exist at this time. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Thus, Plaintiff's motion for appointment of counsel must be denied.

///

///

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's motion requesting to set aside the discovery order as premature is DENIED.

IT IS SO ORDERED.

Dated: __March 10, 2014__

UNITED STATES MAGISTRATE JUDGE

4