UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>G. KELLEY, et al.,<br><br>　　　　　Defendants. | Case No.: 1:11-cv-01090-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND EXPERT WITNESS<br><br>[ECF No. 53] |

　　　　Plaintiff Jamisi Jermaine Calloway is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Now pending before the Court is Plaintiff's motion for appointment of counsel, or in the alternative appointment of an expert witness.

**I.　　Motion Appointment of Counsel**

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Plaintiff alleges a claim of retaliation for exercising his First Amendment rights. The legal issues present in this action are not complex, and at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id. Accordingly, Plaintiff motion for the appointment of counsel shall be denied without prejudice.

**II.     Motion Appoint of Expert Witness**

Plaintiff seeks the appointment of an expert witness if the Court finds appointment of counsel is not warranted.

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise," Fed. R. Evid. 702, and the Court has the discretion to appoint an expert and to apportion costs, including the appointment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). However, at this stage in the proceedings, there are no pending matters in which the Court requires special assistance, Ford ex rel Ford, 291 F.3d at 1090; Walker, 180 F.3d at 1071, and Plaintiff's pro se, in forma pauperis status alone is not grounds for the appointment of an expert witness to assist Plaintiff with his case. Accordingly, Plaintiff's motion for appointment of an expert witness is DENIED without prejudice.

////

Based on the foregoing, Plaintiff's motion for appointment of counsel and expert witness is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __March 18, 2014__

UNITED STATES MAGISTRATE JUDGE