UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>   Plaintiff,<br><br> v.<br><br>G. KELLEY, et al.,<br><br>   Defendants. | Case No.: 1:11-cv-01090-LJO-SAB (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND DECLINING TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANTS TALISMAN AND FIEITZ<br><br>[ECF Nos. 60, 64, 66, 67] |

  Plaintiff Jamisi Jermaine Calloway is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

  On September 4, 2014, the Court issued an order for Plaintiff to show cause why entry of default should not be entered against Defendants Talisman and Fritz. (ECF No. 60.)

  On September 5, 2014, Defendants Talisman and Fritz filed an answer to the complaint.

  Plaintiff filed a response to the order to show cause on September 17, 2014. (ECF No. 64.) On September 19, 2014, Plaintiff filed objections to Defendants Talisman and Fritz's answer to the complaint. (ECF No. 65.)

  On September 29, 2014, Plaintiff filed a motion for entry of default. (ECF No. 67.) Defendants filed an opposition to Plaintiff's motion for entry of default on September 30, 2014. (ECF No. 66.) Plaintiff filed a reply on October 9, 2014. (ECF No. 69.)

1

1     In their opposition, defense counsel submits that when the Court issued the order for Plaintiff
2  to show cause why entry of default should not be entered against Defendants Talisman and Fritz, these
3  Defendants had yet to formally appear in this action, despite the filing of waivers of service on their
4  behalf.  (ECF No. 57.)  Defense counsel submits that the "failure to appear occurred as a result of a
5  mistake on the part of the Office of the Attorney General concerning the calendaring of a due date for
6  a responsive pleading for these Defendants, because sixty days already had passed since these
7  Defendants received copies of the suit papers."  (ECF No. 66, at 2.)  In any event, Defendants filed an
8  answer on September 5, 2014.

9     Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter
10 default "when a party against whom a judgment for affirmative relief is sought has failed to plead or
11 otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Rule
12 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the
13 Clerk of the Court.

14     A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment.
15 See Draper v. Coombs, 792 F.2d 915, 924-925 (9th Cir. 1986).  Rather, granting or denying relief is
16 entirely within the court's discretion.  Id.

17     Plaintiff argues that default should be entered because Defendants' answer was untimely,
18 despite their knowledge.  Defendants concede that their answer was not timely filed, due to a
19 calendaring error.  Defendants argue that entry of default is inappropriate because they have clearly
20 indicated their intent to defend this action by inadvertently filing a late answer.

21     In this instance, the Court finds entry of default not warranted.  Defendants' delay in filing an
22 answer was due to a calendaring error, which the Court finds to be excusable neglect, and Plaintiff was
23 not prejudiced by the delay.  By filing a delayed answer, Defendants have sufficiently indicated their
24 intent to defend this action.  "Cases should be decided upon their merits whenever reasonably
25 possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  Therefore, Plaintiff's request for
26 entry of default shall be denied.

27 ///
28 ///

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. The order to show cause issued September 4, 2014, is DISCHARGED; and
2. Plaintiff's request for entry of default is DENIED.

IT IS SO ORDERED.

Dated:   **October 14, 2014**

UNITED STATES MAGISTRATE JUDGE