# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>   Plaintiff,<br><br>  v.<br><br>G. KELLEY, et al.,<br><br>   Defendants. | Case No.: 1:11-cv-01090-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR IMPOSITION OF SANCTIONS<br><br>[ECF Nos. 71, 72] |

  Plaintiff Jamisi Jermaine Calloway is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

  This action is proceeding on Plaintiff's claim of retaliation against Defendants Bostanjian, Trinh, Mazuk, Kelley, Wang, Schomer, Fritz, Talisman and Syed.

  On October 27, 2014, Plaintiff filed a motion to compel and motion for imposition of sanctions.  (ECF Nos. 71, 72.)  Defendants filed an opposition on November 19, 2014.[1]  (ECF No. 76.)

///

///

///

///

---

[1] Pursuant to Local Rule 230(l), Plaintiff did not file a reply to Defendants' opposition and the matter is deemed submitted after the seven day reply period expired.  Local Rule 230(l).

1

# I.

# DISCUSSION

### A.  Motion to Compel

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 56, Amended Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of

1  discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d
2  1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery
3  regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause,
4  the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed.
5  R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial
6  if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.
7  (quotation marks omitted).

8        Generally, if the responding party objects to a discovery request, the party moving to compel
9  bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV
10 S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at
11 *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis
12 v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).
13 This requires the moving party to inform the Court which discovery requests are the subject of the
14 motion to compel, and, for each disputed response, why the information sought is relevant and why
15 the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack,
16 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.
17 However, the Court is vested with broad discretion to manage discovery and notwithstanding these
18 procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the
19 Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d
20 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir.
21 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

22       Plaintiff submits that he propounded requests for admission, interrogatories, and production of
23 documents on Defendants Kelley, Talisman, Wang, and Fritz, who "deliberately thwarted,
24 stonewalled, whitewashed, and obstructed a full scope of plaintiff's right to the necessary disclosures
25 to cooperate in discovery …" (ECF No. 71, Motion at 2.) Plaintiff contends he "was issued partial of
26 a full record and denied very pertinent evidence of [his] own records to narrow the scope of
27 responsible defendants that played pertinent roles at causing plaintiff retaliation due to reprisals not a
28

1 mental disorder." (ECF No. 71, Motion at 3.)  Plaintiff attaches several discovery requests, along
2 with Defendants' responses and documents provided.

3    Defendants oppose Plaintiff's motion and submit that they have responded to each of
4 Plaintiff's discovery requests by way of hybrid responses, which include appropriate objections, and
5 Plaintiff has failed to identify that any response and/or objection is unjustified.

6    Plaintiff's motion to compel must be denied.  Although Plaintiff contends he is not satisfied
7 with Defendants' responses to his request for admissions, interrogatories, and/or production of
8 documents request, Plaintiff does not make clear what responses and/or objections, if any, are at issue.
9 Plaintiff bears the burden of identifying which responses are in dispute and providing sufficient
10 information so that the Court can discern why he is challenging the response.  It is insufficient for
11 Plaintiff to merely attach all discovery requests and responses thereto and claim he is not satisfied and
12 requests a further response.  Accordingly, Plaintiff's motion to compel must be denied.

13    **B.  Motion for Imposition of Sanctions**

14    Plaintiff requests sanctions to be imposed against Defendants by claiming they have not
15 responded in good faith to his discovery requests.

16    Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its discretion,
17 to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with
18 court orders enforcing those rules." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir.
19 1983) (citing Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976)).

20    Plaintiff's motion for imposition of sanctions must be denied.  Plaintiff provides no basis for
21 which this Court can impose sanctions. Fed. R. Civ. P. 37.  Defendants have responded to Plaintiff's
22 discovery requests and Plaintiff had failed to provide any basis that their responses and/or objections
23 are inadequate.  Accordingly, Plaintiff's motion for imposition of sanctions against Defendants must
24 be denied.
25 ///
26 ///
27 ///
28 ///

4

## II.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel is DENIED; and
2. Plaintiff's motion for imposition of sanctions is DENIED.

IT IS SO ORDERED.

Dated: __December 12, 2014__

UNITED STATES MAGISTRATE JUDGE