# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>    Plaintiff,<br><br>    v.<br><br>G. KELLEY, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-01090-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DEPOSITIONS BY ORAL EXAMINATION<br><br>[ECF No. 73] |

Plaintiff Jamisi Jermaine Calloway is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 3, 2014, Plaintiff filed a motion for leave to conduct depositions by oral examination of all nine Defendants, along with ten percipient witnesses allegedly employed by the California Department of Corrections and Rehabilitation (CDCR). Defendants filed an opposition to Plaintiff's motion on November 24, 2014.[1]

///

///

///

///

---

[1] Pursuant to Local Rule 230(l), Plaintiff did not file a reply to Defendants' opposition and the matter is deemed submitted after the seven day reply period expired. Local Rule 230(l).

1

# I.

# DISCUSSION

### A. Depositions by Oral Examination

Rule 30 of the Federal Rules of Civil Procedure governs the procedure by which depositions are taken by oral examination. "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). "The party who notices the deposition must state in the notice the method for recording the testimony." Fed. R. Civ. P. 30(b)(3)(A). The noticing party must also bear the costs of recording the deposition. Id. In addition, that party must arrange for an officer to conduct the depositions (absent a stipulation by all parties otherwise). Fed. R. Civ. P. 30(b)(5)(A). If a deponent is not a party to the action, he can be compelled to appear at a deposition examination only by issuance of a subpoena pursuant to Rule 45.

Rule 30 authorizes a party to take up to ten depositions as a matter of course, and if more than 10 depositions is necessary, leave of court must be requested and granted. Fed. R. Civ. P. 30(a)(2)(A)(i). Leave to take additional depositions should be granted if consistent with the principles set forth in Rule 26(b)(2) of the Federal Rules of Civil Procedure. Thus, the Court considers whether the discovery sought is unreasonably cumulative or duplicative; whether the proponent has had ample opportunity to obtain the information by discovery; and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

    1. <u>Depositions of Defendants</u>

Plaintiff is advised that the Court cannot order Defendants to arrange for Plaintiff to take their depositions. On the other hand, Plaintiff does not require the Court's permission to take Defendants' depositions. Thus, to the extent Plaintiff wishes to take the depositions of the named Defendants in this action, he must comply with the Federal Rules of Civil Procedure, which requires proper notice along with notice of the method of recording (by way of audio, audiovisual, or stenographic mean), at Plaintiff's expense. To this end, Defendants have no objection to Plaintiff attending a deposition by videoconference, provided that such equipment is available at the institution where Plaintiff is housed.

///

///

2.    Depositions of Witnesses

As to the deposition of percipient witnesses, Plaintiff's motion for issuance of subpoenas must be denied. Plaintiff provides no justification for the requested depositions of the ten percipient witnesses, and his motion for leave to conduct such depositions must be denied. In addition, Plaintiff has not stated how he will pay for the deposition costs and non-party witness fees pursuant to Rule 45 of the Federal Rules of Civil Procedure, and there is no stipulation by Defendants to produce the percipient witnesses identified by Plaintiff. Furthermore, Plaintiff is required to pay for the recording of the depositions pursuant to Rule 30, and Plaintiff provides no indication that he can pay such expenses. Although Plaintiff is proceeding in forma pauperis, such status does not entitle him to waiver of witness fees, mileage or deposition officer fees. Finally, if Plaintiff deposes each of the nine Defendants, Plaintiff should keep in mind that leave of court is necessary to conduct more than *ten* depositions, which includes the depositions of Defendants. Fed R. Civ. P. 30(a)(2). For these reasons, Plaintiff's motion must be denied.

## II.
## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for leave to conduct the depositions by oral examinations is DENIED.

IT IS SO ORDERED.

Dated:    **December 12, 2014**

UNITED STATES MAGISTRATE JUDGE

3