UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>          Plaintiff,<br><br>     v.<br><br>G. KELLEY, et al.,<br><br>          Defendants. | Case No.: 1:11-cv-01090-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO EXTEND DISCOVERY AND GRANTING PLAINTIFF THIRTY DAYS TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 88] |

Plaintiff Jamisi Jermaine Calloway is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 25, 2015, Plaintiff filed a motion to extend discovery under Federal Rule of Civil Procedure 56(f) and continue the time to file an opposition to Defendants' pending motion for summary judgment.[1] (ECF No. 88.) Defendants filed an opposition to Plaintiff's motion on March 4, 2015. The motion is deemed submitted pursuant to Local Rule 230(l) as no reply was filed following seven days after the opposition was filed.

///

///

///

---

[1] The provision allowing discovery after a motion for summary judgment has been filed was re-numbered and now is Federal Rule of Civil Procedure 56(d).

1

# I.

# DISCUSSION

### A. Federal Rule of Civil Procedure 56(d) Motion

Rule 56(d) of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-868 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-1101 (9th Cir. 2006).

In this instance, Plaintiff fails to identify any specific facts he needs in order to oppose Defendants' motion for summary judgment, or how such facts might preclude summary judgment. Instead, Plaintiff simply wants to depose all Defendants in this case, which could have been accomplished prior to the discovery cut-off date. Indeed, Plaintiff indicated as early as November 3, 2014, that he wished to depose the Defendants. (ECF No. 73, Plaintiff's Motion at 2:21-28.) Plaintiff has been able to notice the depositions on the Defendants with fourteen days notice since February 24, 2014, discovery and scheduling order opening discovery and setting the December 24, 2014, deadline. (ECF No. 37.)

Furthermore, Defendants motion for summary judgment was filed after the close of discovery, and this is not an instance in which the motion for summary judgment was filed before Plaintiff had an adequate chance to conduct discovery. Cf. Burlington Northern Santa Fe R.R. Co. v. Assinboine & Sioux Tribes of Fort Peck Reservation, 322 F.3d 767, 774 (9th Cir. 2003). To this end, Plaintiff has engaged in discovery by serving Defendants with requests for admission, interrogatories, and requests for production of documents, and Plaintiff has not been prevented for engaging in discovery. (See ECF No. 71, Plaintiff's Motion to Compel.)

Accordingly, because Plaintiff fails to identify any specific facts he needs in order to oppose Defendants' motion for summary judgment and fails to allege how the deposition testimony of Defendants is necessary to defeat Defendants' motion for summary judgment, Plaintiff's Rule 56(d) motion must be denied.[2]

### B.     Motion to Extend Time to File Opposition

Plaintiff contends that he has recently been discharged from a mental health crisis bed and is in need of an extension of time to file an opposition to Defendants' motion for summary judgment. (ECF No. 88, Motion at 2.) Defendants do not oppose Plaintiff's request to extend the time to file an opposition. Good cause having been presented to the Court, the Court will grant Plaintiff thirty days from the date of service of this order to file an opposition to Defendants' motion for summary judgment.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's Rule 56(d) motion is DENIED; and
2.     Plaintiff is GRANTED thirty (30) days from the date of service of this order to file an opposition to Defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated:   **April 15, 2015**

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent Plaintiff is requesting information relating to the taking of depositions of the Defendants, Plaintiff is advised that "district judges have no obligation to act as counsel or paralegal to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004).